Gomez Bonilla v. Garland

BIA
Perl, IJ
A220 324 013/014/015

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

GLADYS VERONICA GOMEZ BONILLA, MELANY MICAELA MUY GOMEZ, YANELI YOMARA MUY GOMEZ,
> *Petitioners,*

v.                                                        **23-6916**
                                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**          Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Gladys Veronica Gomez Bonilla, Melany Micaela Muy Gomez, and Yaneli Yomara Muy Gomez, natives and citizens of Ecuador, seek review of a July 13, 2023, decision of the BIA affirming a May 12, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Gladys Veronica Gomez Bonilla, et al.*, Nos. A220 324 013/014/015 (B.I.A. July 13, 2023), *aff'g* Nos. A220 324 013/014/015 (Immig. Ct. N.Y. City May 12, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's decisions.  *See Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015).  We review factual

2

findings for substantial evidence and questions of law de novo. *Id.* "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## A.   Asylum and Withholding of Removal

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear or likelihood of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" inflicted by either the government or by private parties that the government is "unable or unwilling to control." *Pan*, 777 F.3d at 543 (quotation marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted). The agency did not err in finding that Gomez Bonilla failed to show that the Ecuadorian government is unable or unwilling to protect her from her father-in-law who murdered her father in 2010 and assaulted her in 2021.

3

As the agency found, Gomez Bonilla testified and submitted evidence that, when her father-in-law murdered her father in 2010, she reported the incident to police who responded "immediately," conducted an investigation, indicted her father-in-law, issued a warrant for his arrest, made every effort to locate him, and would arrest him if they locate him in the future. Contrary to her contention, the agency considered her testimony that police did not do anything when she reported that her father-in-law assaulted her in 2021. In doing so, the IJ reasonably found that the testimony did not show that police were unable or unwilling to protect her: she testified that she informed her attorney, not the police, of her father-in-law's assault; she failed to describe what her attorney told police about the incident despite being asked to do so; and she admitted that she had not requested protection from the police at that time.

There is also no merit to Gomez Bonilla's argument that the IJ ignored State Department reports showing the Ecuadorian government's inability and unwillingness to protect women from violence. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("presum[ing] that an IJ has taken into account all of the evidence . . . unless the record compellingly suggests otherwise" and noting that an IJ is not required to "expressly parse or refute" all record

4

evidence). Indeed, one of those reports states that Ecuadorian officials enforce domestic violence laws and provide protection for victims and the other discusses criminal activity facing U.S. citizens living in or visiting Ecuador without mentioning intrafamily violence.

On this record, we find no error in the agency's denial of asylum and withholding of removal because Gomez Bonilla failed to show that Ecuadorian officials are unable or unwilling to protect her from her father-in-law. *See Singh*, 11 F.4th at 114–15.

## B. CAT Relief

"Analysis of a CAT claim boils down to a two-step inquiry." *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022). The applicant must show both a likelihood that she will be tortured, and that the torture will be inflicted by or with the acquiescence of a government official. *Id.* at 759; *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

Gomez Bonilla abandoned any challenge to the agency's determination that she failed to establish that Ecuadorian officials would acquiesce in her torture by not raising it in her brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's

brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *see also Scarlett v. Barr*, 957 F.3d 316, 335–36 (2d Cir. 2020) (recognizing that government acquiescence is distinct from an unable and unwilling finding). Accordingly, we do not reach the agency's dispositive acquiescence finding. *See Debique*, 58 F.4th at 684–85. Regardless, insofar as Gomez Bonilla's arguments that the agency ignored testimony and State Department reports were meant to challenge the agency's acquiescence finding, those arguments fail for the reasons discussed above.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6